Carhart, Brother & Co. vs. Marshall.

---

CARHART, BROTHER & Co., plaintiffs in error, vs. ALLEN W. MARSHALL, defendant in error.

The act of 1823, "for the benefit of honest debtors," does not exclude from its benefit, persons who have lost money by gambling.

Ca. sa., in Bibb Superior Court. Decision on demurrer, by Judge POWERS, May Term, 1857.

Allen W. Marshall having been arrested by virtue of a *capias ad satisfaciendum*, issued at the suit of Carhart, Brother & Co., gave bond with surety for his appearance at the next Superior Court of Bibb county, to abide such decision as might be had in relation to his taking the benefit of the honest debtors' act, &c.

He filed his schedule under the terms and provisions of said act, and at November Term, 1856, Carhart, Brother & Co., filed their suggestion, traversing said schedule, and objecting to defendant's discharge. The suggestion contained

16

Carhart, Brother & Co. vs. Marshall.

four specifications or grounds of objection to said schedule, but as the judgment of the Court was pronounced only on the issue formed on the fourth specification it is not necessary to set out any other. The fourth specification was as follows, viz:

"And plaintiff further alleges that the said Allen W. Marshall has been guilty of gambling, and has, within the last twelve months, lost, at one time, the sum of one hundred dollars, and at various times, the sum of three hundred dollars, and prays the judgment of the Court, &c."

Defendant demurred to all the specifications as insufficient and irregular in law, and denied specially the truth of the facts contained in the 4th.

After argument, the Court sustained the demurrer to the 4th specification, holding, that the act of 1801, denying the benefit of said act to gamblers, under the circumstances therein mentioned, is repealed by the act of 19th December, 1823; and ordered said specification to be stricken out. To which decision and judgment plaintiffs excepted.

STUBBS & HILL, for plaintiffs in error.

POE & GRIER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Does the act of 1823, "for the relief of honest debtors," exclude from the benefit of its provisions, all persons, who, within the last twelve months previous to the time of their application for the benefit of those provisions, have by gambling, lost at any one time, as much as one hundred dollars, or, at different times, as much as three hundred dollars? The Court below thought not, and so thinks this Court.

The sixth section of the act, is as follows: "No person shall be imprisoned for debt, upon any *capias ad satisfaciendum*, who will comply with the requisitions of this act, ex-

cept in cases of fraud and concealment, hereinbefore mentioned; any law, usage, or custom, to the contrary notwithstanding."

Not one of the requisitions of the act, concerns gambling. The act of 1801, had a provision relating to gambling; but that provision was not adopted by this act of 1823.

So the judgment ought, we think, to be affirmed.

Judgment affirmed.